UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNY SIMMONS,

        Plaintiff,

v.                                                   Case No. 09-C-909

DAVID BOLDUS,

        Defendant.

## ORDER

The plaintiff, who is incarcerated at Fox Lake Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $10.19.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S.

at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

-3-

Case 2:09-cv-00909-JPS   Filed 02/17/10   Page 3 of 7   Document 4

According to the complaint, on April 11, 2005, the City of Racine Police Department executed a search on Lesa Beadles' residence while the plaintiff was visiting her. Upon entry to her home, defendant Sergeant David Boldus and Investigator David Shortess wrestled the plaintiff to the floor, stood him up, and searched the plaintiff's pockets, removing $230.00 and a key. Defendant Boldus then called the plaintiff's parole agent and informed him that he had been arrested and to put a parole hold on him.

Lesa Beadles and the plaintiff were detained in the kitchen while defendant Boldus and the Special Investigation Unit searched her living room and bedroom and discovered eighteen small knotted plastic baggies of crack cocaine and powder cocaine under her dresser. Defendant Boldus then took Lesa Beadles from the kitchen into her son's bedroom to question her about the cocaine. Defendant Boldus and his fellow officers put the fear of God into her by telling her that she was going to prison for a long time and that she would lose her son if she did not tell them that the cocaine they found under her dresser belonged to the plaintiff.

While Lesa Beadles was being questioned in the bedroom, an officer came in the kitchen where the plaintiff was detained and took him to the Racine County Jail. The plaintiff was searched, booked, and placed in a holding cell. He was not informed as to why he was in custody. About three hours later, a deputy delivered to the plaintiff Notice of Detention stating that Sergeant Boldus arrested him for possession of cocaine with intent to deliver and within 1000 feet of a school.

-4-

Case 2:09-cv-00909-JPS   Filed 02/17/10   Page 4 of 7   Document 4

The plaintiff claims that defendant Sergeant Boldus maliciously and falsely arrested him without probable cause in violation of the Fourth Amendment and that his rights under the Equal Protection Clause of the Fourteenth Amendment were also violated. For relief, he seeks compensatory and punitive damages.

The court finds that the plaintiff may proceed on a claim under the Fourth Amendment. However, the basis for an equal protection claim is not clear and he may not proceed on such a claim.

**IT IS, THEREFORE, ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $339.81 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 17th day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge